```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH MILAS                   :       CIVIL ACTION
                               :
      v.                       :
                               :
JOHN A. PALAKOVICH, et al.     :       NO. 07-1556
```

ORDER

AND NOW, this 21st day of May, 2008, upon consideration of Milas's petition for writ of habeas corpus (docket entry # 1), defendants' response (docket entry # 17), petitioner's reply (docket entry # 21), and Magistrate Judge Henry S. Perkin's report and recommendation (docket entry # 24), and the Court finding that:

    (a)  We begin by noting that petitioner has filed no objections to Judge Perkin's report and recommendation;

    (b)  We have nevertheless examined the record ourselves and will canvass the most significant issues here;

    (c)  On March 2, 1998, Milas -- who was sixteen at the time -- pled guilty to four counts of robbery and four gun counts stemming from gunpoint robberies during the winter and spring of 1997;

    (d)  At a minimum, Milas suffers from significant developmental delays and may be mentally retarded within the legal definition;[1]

---

[1] Because we deny Milas's petition without a hearing, we assume for purposes of this Order that Milas could demonstrate mental impairment significant enough to potentially qualify for relief under the relevant jurisprudence.

  (e) On April 23, 1998, Judge Ricardo C. Jackson, after having ordered and received a mental health evaluation, sentenced Milas to four consecutive terms of five to ten years for the robbery charges and four concurrent sentences of two-and-a-half to five years on the gun charges;

  (f) His aggregate sentence, therefore, is twenty to forty years;

  (g) Milas did not file an appeal;

  (h) More than five years later, on September 5, 2003, Milas filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act ("PCRA");

  (i) The PCRA court dismissed the petition as untimely on May 27, 2004;

  (j) On June 24, 2004, Milas filed a *pro se* appeal with the Pennsylvania Superior Court;

  (k) On July 21, 2005, the Superior Court affirmed the PCRA court's dismissal;

  (l) By order of December 6, 2005, the Pennsylvania Supreme Court granted Milas the right to file a *nunc pro tunc* petition for *allocatur*;

  (m) The Supreme Court then denied his petition on May 31, 2006;

  (n) On August 9, 2006, Milas filed a second PCRA petition, which was dismissed without a hearing on March 30, 2007;

  (o) On April 18, 2007, Milas filed this petition for writ of habeas corpus raising a number of constitutional claims;

(p)  Not surprisingly given this protracted history, the primary issue at this stage is whether Milas's petition is time-barred under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEPDA");

(q)  Milas concedes, as he must, that his petition was not filed within the one-year time period required under 28 U.S.C. § 2244(d)(1);

(r)  Instead, Milas contends that we should apply equitable tolling principles and deem his petition timely filed;

(s)  "Absent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the 'rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice,'" United States v. Midgely, 142 F.3d 174, 179 (3d Cir. 1998) (quoting Alvarez-Machain v. United States, 96 F.3d 1246, 1251 (9th Cir. 1996));

(t)  Our Court of Appeals has identified three situations that permit equitable tolling in this circumstance: "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum," Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgely, 142 F.3d at 179);

(u)  Milas's first contention is that he is entitled to equitable tolling because he was prevented from accessing the law library and denied paralegal assistance during his incarceration;

3

      (v)   First, Milas provides no evidence to support this contention;

      (w)   Second, it appears that any lack of access to legal materials was caused by the need to place him in segregated housing while he was a minor;

      (x)   Since Milas turned eighteen well more than a year before his initial PCRA petition was filed, equitable tolling on this basis would still not be sufficient to make his filing here timely;

      (y)   Milas's more substantial claim is that his mental impairment prevented him from complying with the statutory filing requirements and that we should equitably toll the statute of limitations on that basis;

      (z)   Our Court of Appeals has held that "mental incompetence is not a <u>per se</u> reason to toll a statute of limitations," <u>Nara v. Frank</u>, 264 F.3d 310, 320 (3d Cir. 2001);

      (aa) Rather, a petitioner who seeks equitable tolling on this basis must show that "the alleged mental incompetence . . . somehow ha[s] affected the petitioner's ability to file a timely habeas petition," <u>id.</u>;

      (bb) This Court has found that a petitioner who seeks equitable tolling on this basis must show both "an inability to pursue one's legal rights" and "a nexus between the petitioner's mental condition and [his] inability to file a timely petition," <u>United States v. Harris</u>, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003);

      (cc) Here, Milas has made neither showing;

(dd) Indeed, the very fact that he was able to file two PCRA claims, one in September of 2003 and one in August of 2006, as well as several appeals of those claims, demonstrates that -- at least during some portions of the tolling period -- he was in fact capable of filing such a petition;[2]

(ee) Because during at least much of the tolling period, Milas was demonstrably capable of making filings relevant to his case, even were he entitled to equitable tolling at other times, his claim would still be time-barred;

It is hereby ORDERED that:

1.   Judge Perkin's Report and Recommendation is APPROVED and ADOPTED;

2.   Milas's petition for writ of habeas corpus is DENIED WITH PREJUDICE;

3.   Milas having made no substantial showing of the denial of a constitutional right, we DECLINE to issue a certificate of appealability; and

4.   The Clerk of Court shall CLOSE this matter statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.

---

[2] It is of no importance to our analysis whether Milas's ability to file claims during those periods was based on the availability of assistance from other inmates or temporary improvements in his mental state.  The key point is that, at least during those periods, his mental health condition did not prevent him from pursuing his claims.